"UNDER SEAL"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JUSTIN LAMONT DAY** | **DOCKET NO. 3:26-cr-113-MOC**<br><br>**BILL OF INDICTMENT**<br><br>**Violations:**<br>**21 U.S.C. § 841(a)(1)**<br>**18 U.S.C. § 924(c)(1)(A)**<br>**18 U.S.C. § 922(g)(1)** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Distribution of a Controlled Substance)*

On or about March 17, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**JUSTIN LAMONT DAY,**

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**COUNT TWO**
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about March 17, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**JUSTIN LAMONT DAY,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, distribution of a controlled substance, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count One of this indictment, incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE
*(Possession of a Firearm by a Felon)*

On or about March 17, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

## JUSTIN LAMONT DAY,

knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Smith & Wesson, .40 caliber shield pistol, in and affecting interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

1) A Smith & Wesson, .40 caliber shield pistol seized during the investigation.

A TRUE BILL

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

ALFREDO DE LA ROSA
ASSISTANT UNITED STATES ATTORNEY